In the District Court of the United States
For The District of South Carolina
BEAUFORT DIVISION

| | | |
|---|---|---|
| **BRUCE P. McELVEEN,** | ) | |
| | ) | Civil Action No. 9:04-1767-PMD-GCK |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| **JO ANNE B. BARNHART,** | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  INTRODUCTION

This case is before the court pursuant to the provisions of Local Rule 83.VII.02, D.S.C.,

concerning the disposition of Social Security cases in this District.  The plaintiff, Bruce P.

McElveen (the "Plaintiff" or "Claimant"), brought this action pursuant to Sections 205(g) and

1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to

obtain judicial review of a final decision of the Commissioner of Social Security denying his

claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI")

benefits under Titles II and XVI of the Social Security Act, respectively.[1]

---

[1]    The Social Security Act comprises two disability benefits programs.  The Social Security Disability Insurance Program, established by Title II of the Act as amended, 42 U.S.C. § 401 et seq., provides Disability Insurance Benefits ("DIB") to disabled persons who have contributed to the program while employed.  The Supplemental Security Income Program ("SSI"), established by Title XVI of the Act as amended, 42 U.S.C. § 1381 et seq., provides benefits to indigent disabled persons.  The statutory definitions and the regulations promulgated by the Secretary for determining disability, see 20 C.F.R. pt. 404 (DIB); 20 C.F.R. pt. 416 (SSI), governing these two programs are, in all aspects relevant here, substantively identical.  See Bowen v. City of New York, 476 U.S. 467, 469-470 (1986).

## II.  ADMINISTRATIVE PROCEEDINGS

The Plaintiff was born on September 29, 1959, and has a high school education.  He has past work experience as a equipment operator, welder and a truck driver.  (Tr. 19)  The Plaintiff filed applications for DIB and SSI benefits on August 27, 2001 (Tr. 18), claiming he had been disabled since June 23, 2001, due to back and neck pain, high blood pressure, acid reflux, and arthritis.  (Tr. 19)  Plaintiff's applications were denied initially and on reconsideration by the Social Security Administration (Tr. 30-31) and a request for a hearing before an Administrative Law Judge ("ALJ") was timely filed.  ALJ R. Alexander Hild held a hearing in Myrtle Beach, South Carolina on December 5, 2002 (Tr. 18), at which time the Plaintiff was 43 years old.  (Tr. 19)  The Plaintiff, represented by Attorney Jennifer R. Kellahan, testified at the hearing.  (Tr. 181-199)

The ALJ considered the case *de novo*, and on April 25, 2003, issued a decision finding that the Plaintiff was not under a disability as defined in the Social Security Act, as amended, because he could perform a reduced range of light work.  (Tr. 18-28)  On May 5, 2003, Plaintiff requested review by the Appeals Council.  The ALJ's finding became the final decision of the Commissioner of Social Security (the "Commissioner") when it was approved by the Appeals Council on April 2, 2004.

In making her determination that the Plaintiff was not entitled to benefits, the Commissioner has adopted the following findings of ALJ Hild, as set forth in the decision dated April 15, 2003:

1.   The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2.   The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3.   The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(b) and 416.920(b).

4.   These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.   The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6.   The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR §§ 404.1527 and 416.927).

7.   The claimant has a residual functional capacity to perform a reduced range of light work.

8.   The claimant is unable to perform any of his past relevant work (20 CFR §§ 404.1565 and 416.965).

9.   The claimant is a "younger individual between the ages of 18 and 44" (20 CFR §§ 404.1563 and 416.963).

10.  The claimant has a "high school (or high school equivalent) education" (20 CFR §§ 404.1564 and 416.964).

11.  The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR §§ 404.1568 and 416.968).

12.  Although the claimant's non-exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.20 and 202.21 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform.  Accordingly, the claimant is "not disabled."



13.  The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(f) and 416.920(f)). (Tr. 27-28)

## III.  PROCEEDINGS BEFORE THIS COURT

The Plaintiff filed his complaint with this court on June 3, 2004.  [1-1]  Thereafter, the

Plaintiff consented to the exercise of jurisdiction by a United States Magistrate Judge, in

accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ. P. 73, and on June 29, 2004, United States District Judge Patrick Michael Duffy issued an Order of Reference which referred this case to the undersigned for further proceedings and for an entry of judgment. [4-1; 5-1] Thereafter, the Commissioner filed her answer and the transcript of record. [6-1] On September 24, 2004, Plaintiff filed his brief in support of his complaint [11-1] and also filed a Motion to Remand pursuant to Sentence Six of 42 U.S.C. § 406(g), attaching additional medical evidence covering the time period from October 3, 2003 to April 23, 2004, which Plaintiff alleged was new and material, and which had not been submitted to the ALJ or to the Appeals Council. [12-1; 13-1] The Commissioner responded by requesting that the court hold the Motion to Remand in abeyance until the Commissioner formulated a response to it. [14-1]

On September 30, 2004, the undersigned denied Plaintiff's Motion to Remand due, in part, because opposing counsel had not been consulted prior to the filing of the Motion.[2] [15-1] On October 4, 2004, Plaintiff filed a Motion for Relief pursuant to Fed. R. Civ. P. 60(b), and a Memorandum in Support thereof, requesting reconsideration of the undersigned's denial of Plaintiff's Motion to Remand. [16-1; 17-1] The Commissioner filed her Response to Plaintiff's Rule 60(b) Motion along with a Memorandum in Support of the Commissioner's Decision. [19-1; 20-1] On October 12, 2004, a hearing was scheduled on Plaintiff's Rule 60(b) Motion, and after a conference in chambers, the undersigned granted Plaintiff's Rule 60(b) Motion.[3]

Thereafter, the Plaintiff filed a response to the Commissioner's summary of testimony before the ALJ, and then filed a separate Motion to Remand on November 8, 2004, with attached

---

[2]    See Rule 7.02, D.S.C.

[3]    See Minute Entry following Docket Item #19 for a summary of the events of the hearing on October 12, 2004.

Page 4 of 13

exhibits. [21-1; 22-1]  In response, the Commissioner filed a response to Plaintiff's Motion for

Remand.  [23-1]  Thus, this matter is ripe for review by the court.

## IV. APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those

persons insured for benefits, who are not of retirement age, who properly apply, and who are

"under a disability."  42 U.S.C. § 423(a).  Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason
> of any medically determinable physical or mental impairment which
> can expected to result in death or which has lasted or can be
> expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security

Act has by regulation reduced the statutory definition of "disability" to a series of five sequential

questions that are to be asked during the course of a disability determination.  20 C.F.R. §§

404.1520, 1520a (2002); Heckler v. Campbell, 461 U.S. 458 (1983); Hall v. Harris, 658 F.2d 260

(4th Cir. 1981).  The five questions are:

(1) whether the claimant is engaged in substantial gainful activity as defined in Sections

404.1510, 404.1571 *et seq.*, 416.971 *et seq.*  If such determination is affirmative, no

disability will be found.  20 C.F.R. §§ 404.1520, 416.920.



(2) whether the claimant's impairments meet the durational requirement (Sections

404.1509 and 416.909), and are severe (Sections 404.1520(c), 416.920(c)).  If they do not

meet those requirements, no disability will be found.  20 C.F.R. §§ 404.1509, 416.909,

404.1520(c), 416.920(c).

(3) whether the claimant has an impairment which meets or medically equals a condition

contained within the Social Security Administration's official listing of impairments (at 20

C.F.R. Pt. 404, Subpart P, App. 1) (the "Listing of Impairments") 20 C.F.R. §§ 404.1520(d), 416.920(d). If one of the listings is met, disability will be found without consideration of age, education or work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d).

(4) whether the claimant has an impairment which prevents past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e).

(5) whether, in light of vocational factors such as age, education, work experience and RFC, the claimant is capable of other work in the national economy. The claimant is entitled to disability only if the answer is "no." 20 C.F.R.§§ 404.1520(f), 416.920(f).

## V. THE ALJ'S ANALYSIS

With respect to the first step of the sequential analysis, the ALJ found the Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. 27, Finding 2). At Steps Two and Three, the ALJ found that Plaintiff had an impairment or combination of impairments considered "severe" based upon the requirements of the Regulations, but that these medically determinable impairments did not meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 27, Findings 3 and 4).

Proceeding to Step Four, the ALJ determined Plaintiff's residual functional capacity ("RFC") did not permit him to perform the full range of light work. The ALJ used Medical-Vocational Rules 202.20 and 202.21 as a framework for determining that there were a significant number of jobs in the national economy that the Plaintiff could perform.[4] Thus, the ALJ

---

[4]    If the claimant makes a showing at Step Four that return to past relevant work is not possible, the burden shifts to the Commissioner to come forward with evidence that the claimant can perform alternative work and that such work exists in the national economy. Hall, 658 F.2d 260; English v. Shalala, 10 F.3d 1080 (4th Cir. 1993); Harper v. Bowen, 854 F.2d 678 (4th Cir. 1988); Coffman v. Bowen, 829 F.2d 514 (4th Cir. 1987). The Commissioner may meet this burden

determined that the Plaintiff was not under a disability as defined in the Social Security Act at any time through the date of the decision. (Tr. 452, Findings 12-13).

With respect to the general procedure for determining SSI disability benefits, the standard consists of a two-fold test: The claimant must show a medically determinable physical or mental impairment, and the impairment must be such as to render the claimant unable to engage in substantial gainful employment. Walker v. Harris, 642 F.2d 712 (4th Cir. 1981), citing Blalock v. Richardson, 438 F.2d 773 (4th Cir. 1972); 42 U.S.C. § 423(d); 20 C.F.R. § 404.1501(b).

## VI. SCOPE OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g) and § 1383(6)(3), this court's scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Social Security Act precludes a *de novo* review of the evidence, and the Commissioner's finding of non-disability is to be upheld so long as it is supported by substantial evidence in the record. 42 U.S.C. § 405(g); Smith v. Chater, 99 F.3d 635, 637 (4th Cir. 1996); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). The phrase "substantial evidence" is defined as:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to

---

by relying on the Medical-Vocational Guidelines (the "Grids") or by calling a vocational expert to testify. 20 C.F.R. § 404.1566. The Commissioner must prove both the claimant's capacity and the job's existence. Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir.1983).

> justify a refusal to direct a verdict were the case before a jury, then there is
> "substantial evidence."[5]

It is the duty of the ALJ reviewing the case, and not the duty of the Court, to make findings of fact

and resolve conflicts in the evidence. Hays, 907 F.2d at 1456; see also Smith v. Chater, 99 F.3d at

638 (the duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court),

*citing* Kasey v. Sullivan, 3 F.3d 75, 79 (4th Cir. 1993). Therefore, if substantial evidence supports

the Commissioner's decision that a claimant is not disabled, the decision must be affirmed.

Blalock, 483 F.2d at 775.

The remand powers of a district court when reviewing a final decision of the

Commissioner are described in two sentences of 42 U.S.C. § 405(g), commonly referred to as

"Sentence Four" and "Sentence Six." See Melkonyan v. Sullivan, 501 U.S. 89, 99 (1991). In this

case, Plaintiff seeks remand under Sentence Six of 42 U.S.C. § 405(g), which provides in

pertinent part as follows:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of
> Social Security, but only upon a showing that there is new evidence which is material and that there
> is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

The United States Supreme Court, in discussing the difference between remands under

Sentence Four and Sentence Six, has observed that "[t]he sixth sentence of § 405(g) plainly

describes an entirely different kind of remand, appropriate when the district court learns of

evidence not in existence or available to the claimant at the time of the administrative proceeding

that might have changed the outcome of that proceeding." Sullivan v. Finkelstein, 496 U.S. 617,

626 & n.6 (1990), *citing* Caulder v. Bowen, 791 F.2d 872 (11th Cir. 1986); Borders v. Heckler,

777 F.2d 954, 955 (4th Cir. 1985); Newhouse v. Heckler, 753 F.2d 283, 287 (3d Cir. 1985); Booz

---

[5]     Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (*quoting* Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

v. Secretary of Health and Human Services, 734 F.2d 1378, 1381 (9th Cir. 1984); Dorsey v.

Heckler, 702 F.2d 597, 604-605 (5th Cir. 1983); Cagle v. Califano, 638 F.2d 219, 221 (10th Cir.

1981).

In Borders v. Heckler, 777 F.2d 954 (4th Cir.1985), the Fourth Circuit summarized the

standards under which a motion for remand under Sentence Six must be considered:

> A reviewing court may remand a Social Security case to the Secretary on the basis of newly
> discovered evidence if four prerequisites are met.  The evidence must be "relevant to the
> determination of disability at the time the application was first filed and not merely cumulative."
> Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir.1983).  It must be material to the extent that the
> Secretary's decision "might reasonably have been different" had the new evidence been before
> her.  King v. Califano, 599 F.2d 597, 599 (4th Cir.1979); Sims v. Harris, 631 F.2d 26, 28 (4th
> Cir.1980).  There must be good cause for the claimant's failure to submit the evidence when the
> claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the
> remanding court "at least a general showing of the nature" of the new evidence.  King, 599 F.2d at
> 599.

In his Motion to Remand, Plaintiff requests remand of this case on the grounds that new

medical evidence should be considered.  Plaintiff has provided the court with ten (10) pages of

medical records dated October 3, 2003 through April 5, 2004 from Island Family Care, P.A. and

E. Victor Archambeau, Jr., M.D. (Plaintiff's treating physician) and eleven (11) pages of medical

records dated December 12, 2003 through April 23, 2004 from Wendy W. Lee, M.D., a

rheumatologist.

Applying the four Borders factors to the case at bar,[6] the first question is whether the

evidence is relevant to the determination of disability at the time the application was first filed and

not merely cumulative.  This court agrees that these new medical records are relevant to the

Plaintiff's allegations of disability and are not merely cumulative.  The records show additional

---

[6]    Borders remains the standard in the Fourth Circuit when considering a motion for remand.  See, e.g., Anders
v. Barnhart, ---F.Supp.2d — , 2005 WL 1473842 (W.D. Va. June 22, 2005) (Conrad, J.).

treatment by a specialist, as well as continuing treatment by Plaintiff's own physician, Dr. Archambeau.

With respect to the second prong of the Borders test, the evidence must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. The Fourth Circuit has stated that "[e]vidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Secretary, Dep't of Health & Human Services, 953 F.2d 93, 96 (4th Cir.1991) *(en banc)*. The ALJ stated that the Plaintiff had complained of constant pain since a motor vehicle accident in 1998 (Tr. 21) and that the medical evidence indicated that the Plaintiff had "cervical and lumbar degenerative disc disease and osteoarthritis" (among other diagnoses). (Tr. 22) The State Agency physician, Dr. Wilkoszewski, had examined the Plaintiff and diagnosed bilateral osteoarthritis of the hands, which had marked swelling of the joints. (Tr. 21, 125-27) The records attached to the Motion to Remand appear to be material in that they provide additional findings in the form of MRI reports, continued back pain, and a referral from Dr. Archambeau to Dr. Lee, a rheumatologist. Dr. Lee began to treat Plaintiff on January 16, 2004 for "a history of chronic pain syndrome with [a] history of multiple fractures at multiple sites."[7] Importantly, Dr. Archambeau, Plaintiff's treating physician, referred Plaintiff to Dr. Lee, who was the first rheumatolgist to evaluate the Plaintiff. As Plaintiff was referred to Dr. Lee by Plaintiff's treating physician, it does not appear to the court that Plaintiff in any way is trying to manipulate the administrative process or attempting to "shop around" for additional diagnoses. Furthermore, the referral to Dr. Lee certainly suggests to the

---

[7]    See Dr. Lee's records dated March 30, 2004, attached to Plaintiff's Motion to Remand. [22-1]

court that Plaintiff's symptoms were not improving--for if Plaintiff had been improving, there would be no reason for Dr. Archambeau to recommend Plaintiff see Dr. Lee.

Of course, the new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Significantly to this court, however, "[t]his does not mean that the evidence had to have existed during that period. Rather, evidence must be considered if it has any bearing upon whether the Claimant was disabled during the relevant period of time." Reichard v. Barnhart, 285 F.Supp. 2d 728, 733 (S.D.W.Va. 2003), *citing* Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir.1987); Cox v. Heckler, 770 F.2d 411, 413 (4th Cir.1985); Leviner v. Richardson, 443 F.2d 1338, 1343 (4th Cir.1971). It appears to the court that Dr. Lee's treatment and findings of "a few tender points" and numbness and pain in the first two digits of Plaintiff's hands" and Dr. Lee's suspicion of "centralized" pain over the years certainly relate back to the period of time adjudicated by the Commissioner in connection with the Plaintiff's claim for disability.

Third, under Borders, there must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary. In this case, the evidence was not in existence,  and thus was not available to the Plaintiff at the time of the administrative hearing.

Finally, under Borders, the claimant must present to the remanding court at least a general showing of the nature of the new evidence. In this case, Plaintiff has submitted all of the new medical evidence to this court, which, of course, shows the court the nature of the evidence. The new evidence reflects continuing treatment by Dr. Archambeau, as well as treatment by Dr. Lee, the rheumatologist.

Pursuant to 42 U.S.C. § 405(g), remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" As stated above, these records were not considered at the time the Appeals Council was reviewing Plaintiff's appeal, because the records did not exist at the time the brief was filed with the Appeals Council.[8] This court believes "good cause" existed for not submitting the records to the Appeals Council during the time it reviewed Plaintiff's case. "A remand to the Secretary for further proceedings is appropriate when new evidence is submitted to a reviewing court if the court concludes that the [Commissioner's] decision might reasonably have been different had that evidence been before him when his decision was rendered." King v. Califano, 599 F.2d 597, 598 (4th Cir. 1979). As it appears that Commissioner's decision might reasonably have been different this new evidence been before her, this case should be remanded so that the new medical evidence may be considered along with the reports already of record.

Accordingly, it is ORDERED:

1. That this case be remanded to the Commissioner for consideration of new medical evidence;

2. Upon remand, should the Commissioner be unable to decide this case in Plaintiff's favor on the basis of the existing record, the Commissioner shall conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument; and

---

[8]    See Plaintiff's Memorandum in Support of Motion to Remand [13-1] at p. 3.

3. The parties are advised that the court considers this remand order to be a "Sentence Six" remand (see Melkonyan v. Sullivan, 501 U.S. 89 (1991)) and this court shall retain jurisdiction of this matter. After the Commissioner renders a new decision following remand, should the Plaintiff be dissatisfied with the new decision, the Plaintiff may petition the court for entry of an order reinstating the case on the active docket for judicial review of the new decision. Should both sides be satisfied with the Commissioner's new decision following remand, the prevailing party shall petition the court for entry of a final order adopting and ratifying the new decision.

The Clerk of Court is directed to send certified copies of this Order to all counsel of record.

IT IS SO ORDERED.

George C. Kosko
United States Magistrate Judge

July 8, 2005

Charleston, South Carolina